UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JEAN DUFORT BAPTICHON,

                Plaintiff,

     - against -

UNITED STATES DEPARTMENT OF
EDUCATION,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2400 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff filed this *pro se* Complaint on May 26, 2020, seeking damages against the United States Department of Education ("DOE") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*. (*See generally* Complaint ("Compl."), Dkt. 1.) By Order dated September 8, 2020, Plaintiff was required to show cause why this Court has subject matter jurisdiction pursuant to the FTCA and to demonstrate that his claims are timely.[1] (Dkt. 14.) On October 1, 2020, Plaintiff submitted a response. (Plaintiff's Response to Order to Show Cause ("Response"), Dkt. 15.) For the reasons discussed below, this action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff's *pro se* Complaint is a continuation of his longstanding litigation concerning the Thomas M. Cooley Law School's (the "law school") 2003 decision to dismiss Plaintiff for academic deficiencies, and the collection of Plaintiff's student loan in connection with his attendance there. Plaintiff brings this case after two prior unsuccessful actions in federal court.

---

[1] On September 8, 2020, the Court granted Plaintiff *in forma pauperis* ("IFP") status solely for the purpose of responding to the Court's show-cause order. (Dkt. 14, at 1.)

1

*See* Order and Judgment Approving Report and Recommendation, *Baptichon v. Thomas M. Cooley Law Sch.*, No. 03-CV-176 (RAE) (ESC) (W.D. Mich. May 3, 2004), ECF No. 27 (dismissing Plaintiff's federal due process claims and remanding remaining state law claims to Michigan state court); *Baptichon v. Thomas M. Cooley Law Sch.*, No. 09-CV-562 (JTN) (ESC), 2009 WL 5214911, at *1 (W.D. Mich. Dec. 28, 2009) (entering judgment in Defendants' favor). In this action, Plaintiff again disputes his $210,663.33 in student loan debt and brings the following claims pursuant to the FTCA against the DOE[2]: (1) forgery, (2) promissory/equitable estoppel, (3) unlawful collection actions, and (4) unlawful withholding in violation of due process. (Compl., Dkt. 1, at 8–14.)

---

[2] Any action brought pursuant to the FTCA "must be brought against the United States rather than an agency thereof." *Rodriguez v. Velez-Pagan*, 341 F. Supp. 3d 203, 210 (E.D.N.Y. 2018) (quoting *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991)), *aff'd sub nom. Rodriguez v. United States Army*, 788 F. App'x 67 (2d Cir. 2019); *see also Glorioso v. FBI*, 901 F. Supp. 2d 359, 364 (E.D.N.Y. 2012) ("[T]he FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself." (citing 28 U.S.C. § 2679(a); *C.P. Chemical Co., Inc. v. United States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987))). Normally,

> when an employee of the United States or a federal agency is named as a defendant in a[n] [FTCA] action, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."

*Davila v. Lang*, 343 F. Supp. 3d 254, 270 (S.D.N.Y. 2018) (quoting 28 U.S.C. § 2679(d)(1)).

Here, however, "[i]t is unnecessary . . . to formally substitute the United States as a party because Plaintiff's claim must be . . . dismissed pursuant to [Federal Rule of Civil Procedure] 12(b)(1), for lack of jurisdiction." *Jin Lin v. Anderson*, No. 12-CV-451 (AJN), 2013 WL 3776249, at *3 (S.D.N.Y. July 18, 2013) (citing *Gertskis v. EEOC*, No. 11-CV-5830 (JMF) 2013 WL 1148924, at *13 (S.D.N.Y. Mar. 20, 2013)).

**STANDARD OF REVIEW**

A district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing Plaintiff's Complaint, the Court is mindful "that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and additional citations omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d. Cir. 2006)).

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Koso v. McCulloh*, No. 18-CV-7415 (JMA) (AYS), 2019 WL 1748606, at *2 (E.D.N.Y. Apr. 18, 2019) (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). "[B]ecause it involves a court's power to hear a case, subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotations and citations omitted). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (per curiam) (quoting *United Food & Com. Workers Union Loc. 919 v. CenterMark Props. Meriden Square Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). Federal jurisdiction is generally available only where a "federal question" is presented, 28 U.S.C. § 1331,

or where the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## DISCUSSION

The FTCA provides "the exclusive remedy for a suit for damages for injury resulting from the negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment."[3] *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 283 (S.D.N.Y. 2014) (internal quotations and citation omitted). As discussed in the Court's September 8, 2020 Order, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). This exhaustion requirement "applies equally to litigants with counsel and to those proceeding *pro se*." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (citation omitted). Plaintiff "has the burden 'to both plead and prove compliance with the statutory requirements' of the FTCA, and 'in the absence of such compliance, [the Court] lacks subject matter jurisdiction over [] [P]laintiff's claim.'" *Collins v. U.S. Postal Serv.*, ___ F. Supp. 3d ___, 2020 WL 2734362, at *4 (E.D.N.Y. 2020) (alteration omitted) (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)); *see also Shabtai v. U.S. Dep't of Educ.*, No. 02-CV-8437, 2003 WL 21983025, at *6 (S.D.N.Y. Aug.

---

[3] Notwithstanding any attempt by Plaintiff to invoke diversity jurisdiction in this matter (*see* Response, Dkt. 15, at 10–11), federal agencies cannot be sued in diversity. The Court has diversity jurisdiction only over cases involving citizens of different states and "foreign state[s]," not between a citizen of a state and the federal government or an agency thereof. *See* 28 U.S.C. § 1332. Because the DOE is an agency of the federal government, no diversity of citizenship exists, and the Court cannot exercise diversity jurisdiction over this action. *See Sylvane v. Whelan*, 506 F. Supp. 1355, 1358 n.5 (E.D.N.Y. 1981) ("[S]ince the suit is against a federal agency, and two federal officials in their official capacity, it is in effect a tort action against the United States, for which diversity jurisdiction will not lie." (citation omitted)).

20, 2003) ("The complaint does not allege that plaintiff filed an administrative claim with respect to the alleged torts committed by the DOE, and this failure alone requires dismissal of these claims." (citation omitted)).

A plaintiff satisfies the exhaustion requirement when, within two years of a claim accruing, he brings that "claim to the appropriate Federal agency and that agency either ma[kes] a final denial of the claim or fail[s] to make a disposition on the claim within six months after it was filed." *Liriano v. ICE/DHS,* 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011) (citing 28 U.S.C. § 2675(a)); *see also Torres v. United States*, 612 F. App'x 37, 39 (2d Cir. 2015) (summary order) ("As a precondition for suit under the FTCA, an administrative claim must be filed with the responsible federal agency within two years of plaintiff's alleged injury."). The plaintiff must commence the "tort claim against [the] United States within six months of [the] agency's final denial." *Sanon v. Dep't of Higher Educ.,* 453 F. App'x 28, 30 (2d Cir. 2011) (summary order) (citing 28 U.S.C. § 2401(b)); *see also* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim.").

> Pursuant to the DOE's regulations, an administrative claim
> 
> shall be deemed to have been presented when the [DOE] receives . . . an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for damage to or loss of property, for personal injury, or for death, alleged to have occurred by reason of the incident.

34 C.F.R. § 35.2(a); *see also Sea Gate Beach Club Corp. v. United States*, 190 F. Supp. 3d 310, 314 (E.D.N.Y. 2016) (noting "that the administrative filing prerequisites in [the FTCA] encompass a requirement that the request for damages in any administrative claim state a sum certain" (quoting *Adams by Adams v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 320 (2d Cir. 1986))).

5

In his Complaint, Plaintiff alleges that the DOE (1) forged Plaintiff's signature on a Federal Consolidation Loan Application and Promissory Note dated June 2, 2004 (Compl., Dkt. 1, ¶¶ 17–18); (2) should be held through promissory/equitable estoppel to its September 22, 2009 submission in one of Plaintiff's prior lawsuits, as Plaintiff relied on that submission in failing to repay his student loan[4] (*id.* ¶¶ 19–24; *see also id.* Ex. 3, Dkt. 1, at ECF 27–28); (3) unlawfully brought collection actions seeking repayment of Plaintiff's student loan notwithstanding DOE's September 22, 2009 submission (Compl., Dkt. 1, ¶¶ 25–27); and (4) unlawfully directed the Internal Revenue Services ("IRS") to withhold Plaintiff's and his wife's joint tax return from 2015 to 2019, in violation of due process (*id.* ¶¶ 28–31). Because the Complaint fails to allege that Plaintiff filed an administrative claim with the DOE for each of these claims, that any such claims were brought within two years after they accrued, that such claims were either denied or six months have elapsed since they were submitted, or that this action was commenced no more than six months after the exhaustion of his administrative remedies, the Court ordered Plaintiff to show cause within 45 days why this action should not be dismissed for lack of subject matter jurisdiction. (Dkt 14.) Specifically, the September 8, 2020 Order stated:

> Plaintiff shall provide the date on which he believes each claim accrued, the date on which he filed for administrative relief as to each claim, the name of the federal

---

[4] In its submission, the DOE stated:

Despite Plaintiff's allegations, the [DOE] is not the guarantor of Plaintiff's student loans; it has not paid reinsurance on Plaintiff's student loans; nor has the [DOE] taken any action against Plaintiff to collect his outstanding student loan debt.

(Compl. Ex. 3, Dkt. 1, at ECF 27.) Plaintiff claims that this statement led him to believe that the DOE would not "later attempt to and take collection actions against [Plaintiff]'s . . . student loan debt," and that because he relied on this belief when failing to make loan payments, the Court should hold the DOE to Plaintiff's interpretation of the submission. (*See* Compl., Dkt. 1, ¶ 20.) As an initial matter, the Court fails to see how the DOE's submission implies that it would not bring a collection action against Plaintiff *in the future*. Because Plaintiff's claim is dismissed for lack of subject matter jurisdiction, however, the Court need not consider the merits of this claim.

6

>agency with which he filed the claims, and the agency's final decision on each claim. Plaintiff must attach a copy of his administrative tort claim(s) and a copy of the federal agency's final decision(s). If Plaintiff fails to comply with this Order or show good cause why he cannot comply within the time allowed, the action will be dismissed without prejudice for lack of subject matter jurisdiction.

(*Id.* at 5.)

Plaintiff's show-cause response fails to establish that he has satisfied the FTCA's exhaustion requirements with respect to any of his four claims. Plaintiff makes bare conclusory statements, such as:

>The [DOE], as an agency of the United States and its representatives, employees or servants were and are acting within the scope of their official duties. They acted wrongfully and their wrongful act proximately caused the injury and damage of which the Plaintiff pro se complains. Although the Plaintiff pro se cannot provide all the documentation[] to establish his claims due to his laptop computer's crash that caused the loss of other pertinent documents such as the Plaintiff pro se's pending loan discharge application that the defrauded student Plaintiff . . . has submitted to the Defendant, the Plaintiff pro se's claim satisfies all the elements of the FTCA.

(Response, Dkt. 15, ¶ 14.) Plaintiff also asserts that he

>has exhausted all administrative remedies before filing this action in this Federal Court. To the extent that the Defendant[] agency has provided or informed him of the remedies available to him, the Plaintiff pro se has submitted the only loan discharge application received from and to the Defendant agency, although he thought the application was not complete.

(*Id.* ¶ 18.)

Plaintiff noted that he did not have a copy of the loan discharge application, but cited to a letter dated September 13, 2018 that he sent to the DOE's Default Resolution Group Servicing Center "to explain [the] filing" of the application. (*Id.* (citing Compl. Ex. 7, Dkt. 1, at ECF 67–68).) In that letter, Plaintiff argued, *inter alia*, that he was eligible for a loan discharge because he did not receive an exit interview informing him of the loan and repayment requirements, and that the DOE should be precluded by the doctrine of laches from pursuing repayment after failing to bring any claim in federal court. (Compl. Ex. 7, Dkt. 1, at ECF 67–68.) In a subsequent letter

7

dated October 15, 2018 to the DOE Office of General Counsel, Plaintiff argued that: (1) he "should not be held responsible for repaying th[e] alleged debt" because the DOE was not the guarantor of the loan and has not paid reinsurance on it; (2) Plaintiff had been disputing the debt since 2004, and the failure by the lender to bring suit against Plaintiff in that time was unreasonable and resulted in prejudice, and thus the doctrine of laches should bar the lender seeking repayment; (3) the DOE was unlawfully pursuing a collection action against Plaintiff because he was victimized by the law school; (4) the DOE unlawfully delayed its review of Plaintiff's pending loan discharge application, resulting in "growing interest, ruined credit[,] [] insurmountable debt," and the inability to obtain financial aid to return to school; (5) the DOE violated due process by directing the IRS to withhold Plaintiff's joint tax returns; and (6) the law school violated state law by fraudulently inducing Plaintiff to enroll. (*See id.* at ECF 69–71.)

Plaintiff appears to consider the loan discharge application and accompanying letters he submitted to the DOE as sufficient exhaustion of his FTCA claims. (*See* Response, Dkt. 15, ¶ 19 ("The Defendant also has unlawfully delayed or denied review of the pending loan discharge application that the Plaintiff pro se has timely filed with the Defendant agency who did not disclose[] any additional requirement or required administrative remedy available to student borrowers and did not make a disposition on the Plaintiff pro se's application or claim within six months after it was filed, except the continuing harassing collection letters that keep[] threatening the Plaintiff pro se.").) In fact, neither Plaintiff's letters to the DOE nor the loan discharge application satisfies the FTCA's jurisdictional requirements.

First, Plaintiff's letters, which he attached as exhibits to his Complaint (Compl. Ex. 7, Dkt. 1, at ECF 67–71), do not state a "claim for money damages in a sum certain for damage . . . alleged to have occurred by reason of the incident," 34 C.F.R. § 35.2(a), and Plaintiff does not allege that

8

his loan discharge application stated such a sum either. "While individuals may submit administrative grievances through means other than a Form SF–95, in order to serve as a formal complaint, any other written notification must be accompanied by a claim for money damages in a sum certain." *Liriano*, 827 F. Supp. 2d at 269 n.3 (internal quotation omitted). "The failure to include a sum certain precludes a finding of administrative exhaustion." *Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 470 (E.D.N.Y. 2013) (citing *Adams*, 807 F.2d at 320–21); *see also Sea Gate Beach Club Corp.*, 190 F. Supp. 3d at 314.

Second, even if Plaintiff's loan discharge application and accompanying letters did contain a claim for damages, they could not serve as exhaustion of the claims brought in this action. Though Plaintiff does not provide a copy of his loan discharge application, he suggests in his September 13, 2018 letter that the rationale for the discharge application was the failure of the law school and the DOE to provide him "an exit interview to inform [him] of the alleged loan and repayment requirements." (Compl. Ex. 7, Dkt. 1, at ECF 67.) Any alleged failure to provide Plaintiff with an exit interview is unrelated to the claims he brings in this action, namely the claims that the DOE (1) forged Plaintiff's signature on a 2004 promissory note; (2) should be held to its 2009 submission in Plaintiff's prior lawsuit; (3) brought unlawful collection actions against Plaintiff; and (4) directed the IRS to withhold Plaintiff's joint tax returns in violation of due process. And though Plaintiff mentioned in his October 15, 2018 letter that the DOE "continues to have the IRS seize [his] joint tax refunds, thereby injuring [his] spouse who was not and is [not] a signatory party to the alleged student loans" (*id.* at ECF 70), such an argument in connection with his loan discharge application does not serve as notice of a tort claim pursuant to the FTCA's exhaustion requirements. *See Liriano*, 827 F. Supp. 2d at 269 n.3.

9

Finally, even assuming that Plaintiff's loan discharge application and accompanying letters constitute sufficient exhaustion of his administrative remedies, this action would be time-barred. Though Plaintiff does not provide any record of when he submitted his loan discharge application with the DOE, he alleges that the DOE denied his loan discharge request on September 6, 2018 on the basis that Plaintiff's asserted lack of consent to the collections did not qualify for a false certification discharge. (Compl. Ex. 6, Dkt. 1, at ECF 37.) Plaintiff responded to that letter on September 13, 2018 (*id.* Ex. 7, Dkt. 1, at ECF 67–68), and the DOE replied on October 2, 2018 (*id.* Ex. 6, Dkt. 1, at ECF 38–39). Plaintiff submitted another letter dated October 15, 2018 (*id.* Ex. 7, Dkt. 1, at ECF 69–71), and the DOE responded to each of those arguments on January 31, 2019, and closed Plaintiff's case that day (*id.* Ex. 6, Dkt. 1, at ECF 43–46). Even if Plaintiff's discharge application and follow-up letters were considered proper exhaustion and the DOE's January 31, 2019 letter constituted a final denial pursuant to the FTCA, Plaintiff would have had to file his tort claim "within six months of [the] agency's final denial," *Sanon,* 453 F. App'x at 30, *i.e.*, by July 31, 2019. Plaintiff filed this action on May 26, 2020. (*See generally* Compl., Dkt. 1.) Therefore, even allowing the most generous reading of Plaintiff's filings, Plaintiff's FTCA claims are time-barred.

Because Plaintiff failed to present his claims to the DOE pursuant to the applicable regulations and timely commence this action, he failed to exhaust his administrative remedies, and the Court lacks subject matter jurisdiction over this action. *See, e.g.*, *Saleh v. Holder*, 470 F. App'x 43, 44 (2d Cir. 2012) (summary order) ("The district court . . . lacked subject matter jurisdiction over [the plaintiff's] FTCA claims because he had not exhausted his administrative remedies prior to filing his initial district court complaint.").

## CONCLUSION

For the foregoing reasons, the instant *pro se* action is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court would ordinarily allow Plaintiff an opportunity to amend his Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), but it need not do so here, where it is clear from Plaintiff's submission that any attempt to amend the complaint would be futile, *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (noting that leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 9, 2020
       Brooklyn, New York